UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTO LUA PRECIADO,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | CASE NO. 2:26-cr-00162-JHC-1<br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Defendant Roberto Lua Preciado's Motion to Revoke Detention Order. Dkt. # 19. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the motion.

## II
## BACKGROUND

Defendant is charged with possession of controlled substances with intent to distribute under 21 U.S.C. § 841(a)(1) and (b)(1)(A). Dkt. # 19 at 1; *see also* Dkt. # 1. Defendant made his initial appearance in the United States District Court for the Western District of Washington on August 7, 2026. Dkt. # 19 at 1–2; *see also* Dkt. # 4. At the appearance, the Government

moved for detention and defense counsel requested a detention hearing. *See id*. A detention hearing was scheduled for August 12, 2026, and Defendant was remanded to custody. *Id*.

At the detention hearing before the Honorable Mary Alice Theiler, the Government maintained its motion for detention and Defendant argued for release. *See* Dkt. # 11. Judge Theiler then ordered Defendant detained, concluding that: (1) there is a rebuttable presumption against Defendant as to both dangerousness and flight risk under 18 U.S.C. § 3142(e) for the offense for which he is charged; and (2) the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community. *See generally* Dkt. ## 11 & 12; *see also* Dkt. # 19 at 2.

Defendant now moves for review and revocation of Judge Theiler's August 12, 2026, detention order. *See generally* Dkt. # 19. He requests that the Court revoke said order and release him immediately, subject to any conditions suggested by the Pretrial Services Report. *Id*. at 14.

## III
## Discussion

A person who is ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district judge reviews de novo a magistrate judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). And while "the district court is not required to start over . . . and proceed as if the magistrate's decision and findings did not exist[,]" it is also required to "make its own independent determination whether the magistrate's findings are correct, with no deference" based on a review of the evidence before it. *Id*.

Defendant argues that the Court should revoke Judge Theiler's August 12, 2026 detention order and direct release because: (1) he has rebutted the presumption that there is no combination of conditions which could reasonably assure his appearance and the safety of the community under 18 U.S.C. § 3142(e); and (2) the Government has not carried its high burden of proving that there are no release conditions which could reasonably assure his appearance and the safety of the community under 18 U.S.C. § 3142(g). *See* Dkt. # 19 at 6, 10. For the reasons below, the Court disagrees.

A. Legal Standards

Under the Bail Reform Act, a court may detain a criminal defendant pending trial only if it determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). The act further provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]

18 U.S.C. § 3142(e)(3)(A).

A defendant can rebut this presumption by producing evidence that they do not pose a risk of flight or danger to the community. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). This burden of production is relatively light, with the defendant needing only to offer "some credible evidence" to rebut the presumption. *See, e.g.*, *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992); *United States v. Wilks*, 15 F.4th 842, 846–47 (7th Cir. 2021).

But the presumption is not erased merely because a defendant proffers evidence to rebut it. *See Hir*, 517 F.3d at 1086. Rather, "the presumption 'remains in the case as an evidentiary

finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). Such factors are: "(1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing 18 U.S.C. § 3142(g)).

"The Government bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance and by clear and convincing evidence that no conditions will reasonably assure the safety of the community." *United States v. Garg*, 2021 WL 2012584, at *2 (W.D. Wash. May 20, 2021) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos–Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

B. Analysis

The Court concludes that the Government has met its burden. As for the rebuttable presumption, it is undisputed that Defendant has been charged with an offense that carries a rebuttable presumption as to both dangerousness and nonappearance under 18 U.S.C. § 3142(e). *See generally* Dkt. And while Defendant attempted to rebut this presumption by presenting evidence of his longstanding ties to Washington, *see generally* Dkt. # 19, the Court is not convinced that this evidence effectively rebuts the presumption where, as here, the record also contains: (1) strong evidence that Defendant transported dangerous drugs on multiple occasions; (2) Defendant's own admissions that he transported drugs on multiple occasions; (3) evidence

that contradicts Defendant's account of his status as a Washington resident; (4) evidence that Defendant repeatedly (and recently) crossed the U.S.-Mexico border; and (5) evidence that Defendant has failed to appear in prior criminal proceedings. *See, e.g.*, Dkt. ## 21-1, 21-2, & 21-3.

But even if Defendant did rebut the presumption, the Court would still not revoke detention, as the § 3142(g) factors on balance support detention. As for the nature and seriousness of the offense charged, it is undisputed that Defendant is charged with a serious offense that carries a mandatory minimum sentence of ten years. *See* Dkt. ## 19 at 11; 21 at 6. And while Defendant has not been accused of any acts of violence, he has been accused of participating in an international drug trafficking organization and engaging in a lengthy course of conduct that involved repeatedly delivering large quantities of dangerous drugs to the Western District of Washington. *See* Dkt. # 21 at 6. The Court also finds the weight of evidence against Defendant to be very strong: Defendant was apprehended while actively transporting drugs and he has admitted to transporting drugs on multiple occasions. *See id.* The first and second § 3142(g) factors thus weigh in favor of detention.

As for the history and characteristics of Defendant, some appear to favor release. For example, Defendant's permanent residency status in the United States, extensive family ties in Washington, his 10-year job at Uribe Trucking, and his lack of recent criminal history. *See* Dkt. # 19 at 6, 11–12. Other history and characteristics, however, appear to favor detention. For example, his lack of U.S. citizenship and extensive ties and frequent, recent visits to Mexico. *See* Dkt. # 21 at 7. This factor is thus neutral.

Finally, as for the nature and seriousness of the danger to any person or the community, the Court finds that this factor favors detention. Although Defendant is correct that the Government has presented no evidence that Defendant presents a danger to any person or the

community beyond the drug trafficking conduct at the heart of the charged offense, *see* Dkt. # 19 at 12, Defendant is wrong to presume that such conduct itself does not pose a danger to the community. As noted by other courts in this district, due to the exceptionally dangerous nature of drugs like fentanyl and heroin, the repeated trafficking of such drugs does pose a serious danger to the community and thus provides a basis to deny a trafficker pretrial release. *See, e.g.*, *United States v. Wilson*, 2024 WL 3950434, at *5 (W.D. Wash. Aug. 27, 2024).

Collectively, then, three of the four § 3142(g) factors favor pretrial detention and none favor release. And these factors, when considered alongside the presumption, clearly satisfy the Government's burden of proving by a preponderance of the evidence that no conditions will reasonably assure Defendant's appearance and by clear and convincing evidence that no conditions will reasonably assure the safety of the community. The Government has thus met its burden of establishing that pretrial detention is proper under the Bail Reform Act, and so the Court denies Defendant's request to order immediate release.

## IV
## CONCLUSION

For these reasons, the Court DENIES Defendant's Motion to Revoke Detention Order (Dkt. # 19) and ORDERS Defendant to remain in custody.

Dated this 18th day of September, 2026.

John H. Chun

John H. Chun
United States District Judge